# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2013

Lyle W. Cayce
Clerk

No. 12-51256
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HILARIO CORONADO-MEZA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1014-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Hilario Coronado-Meza appeals his within-Guidelines sentence of 30 months' imprisonment following his guilty-plea conviction for attempted illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Coronado challenges the reasonableness of his sentence.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Coronado first contends his sentence should not be accorded the presumption of reasonableness applied to a within-Guidelines sentence because it was enhanced by a Guideline lacking empirical support. He failed to raise this issue in district court, resulting in review only for plain error. In any event, he concedes his contention is foreclosed by precedent, and he raises it only to preserve it for possible further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009).

Coronado next contends his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because: the illegal-reentry Guideline is not empirically based; the advisory Guidelines accounted for a prior conviction twice, both to increase his offense level and to calculate his criminal-history score; and the advisory Guidelines sentencing range overstated the seriousness of his offense because his conduct was not violent, and it did not properly account for his personal history and characteristics, including his motive for reentering.

Because Coronado's sentence is within the properly calculated advisory Guidelines range, it is entitled to the above-referenced presumption of reasonableness. *See Mondragon-Santiago,* 564 F.3d at 360. Coronado offers no reason sufficient for our disturbing that presumption. *See Gall*, 552 U.S. at 51; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Moreover, his sentence is not rendered unreasonable by the lack of empirical basis or by any double counting of his criminal history. *E.g.*, *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). Finally, his claiming his sentence is unreasonable because illegal reentry amounts to a nonviolent trespass offense

No. 12-51256

is without merit. *E.g.*, *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

AFFIRMED.